IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**GEORGE LEACH,**

                      **Plaintiff,**

**v.**                                                                            **Civil Action No. 4:07cv12**

**GENE R. NICHOL,**
President of the College of
William and Mary,

and

**BOARD OF VISITORS OF THE
COLLEGE OF WILLIAM AND MARY,**

                      **Defendants.**

**ORDER AND OPINION**

Currently before the court is the defendants' motion to dismiss, filed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. At the request of the plaintiff, the court scheduled oral argument for this matter for May 22, 2007, at 10:00 A.M. However, the plaintiff did not appear at that time, and counsel for the defendants indicated a desire to have the motion decided on the briefs. The court, for the reasons set out fully herein, **GRANTS** the defendants' motion to dismiss.

I. Factual Background

The Sir Christopher Wren Building on the campus of the College of William & Mary is a historic building that houses the offices of the College's Religious Studies Department as well as the Wren Chapel. Since it was donated to the Wren Chapel in the 1930s, a brass cross had been

on regular display on the altar at the front of the Chapel. Prior to October 2006, the College's policy was that the cross could be removed upon the request of the group that was using the Chapel space. In October 2006, President Gene R. Nichol ("Nichol"), changed this policy so that the cross was only displayed upon the request of a group using the Chapel, but otherwise was kept in a sacristy.

In December 2006, Nichol modified the policy, permitting the cross to be displayed on Sundays during the hours when the Chapel was open. In March of 2007, after this lawsuit was filed, Nichol and the Board of Visitors reached a compromise agreement, which went into immediate effect, wherein the cross would be returned to the Wren Chapel for permanent display in a glass case, together with a plaque explaining the College's Anglican roots and its historic connection to the Bruton Parish Church, the donor of the cross.

II. Procedural History

The pro se plaintiff, George Leach, filed the instant lawsuit on February 8, 2007, seeking the return of the cross to the altar of the Wren Chapel, as well as the return of a King James Bible to the altar. He claims 42 U.S.C. § 1983 as the basis for this action. The plaintiff also seeks that the College implement a policy leaving the front door of the Chapel unlocked at all times when Swem Library, the main campus library, is open, as well as all day on Sunday. The plaintiff is a graduate of the College's Marshall-Wythe School of Law, and is a resident of Williamsburg, Virginia, where the College is located. On March 14, 2007, the defendants filed the instant motion to dismiss along with the required Roseboro notice, arguing that, inter alia, the plaintiff lacks standing to bring this claim and the defendants are not subject to suit under section 1983.

The plaintiff filed a response brief on April 2, 2007, to which the defendants replied on April 10. On May 22, 2007, the court convened for oral argument on the defendants' motion to dismiss. Such argument was scheduled at the request of the plaintiff for 10:00 A.M. The court waited until 10:15 A.M., but the plaintiff did not appear. Counsel for the defendants, who had driven to Norfolk from Richmond in order to be at the hearing, indicated that the defendants wished the motion to be decided on the briefs filed. Thereupon, in the absence of any response from the plaintiff, the court agreed that it would decide the matter on the pleadings, and counsel for the defendants left the courthouse to return to Richmond. At approximately 10:30 A.M., the plaintiff called chambers and indicated that he was on a bus on his way to the courthouse. He was advised that the hearing had not taken place because of his absence, and that the court had agreed to decide the matter on the briefs. The plaintiff arrived at the courthouse at 11:10 A.M., and was again informed that the court had waited for him, but that the hearing had been cancelled in his absence, and that the court would rule on the motion to dismiss based upon the pleadings. The court notes that it obliged the plaintiff's request for oral argument, but that, upon further examination of the briefs and the record, it became apparent that oral argument is not necessary to the resolution of this matter, because the facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. The matter is now ripe for consideration.

III. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction may attack the complaint on its face, in that the complaint fails to allege facts upon which the court can base jurisdiction, or it may attack the truth of any

underlying jurisdictional allegations contained in the complaint. Allen v. College of William & Mary, 245 F.Supp.2d 777, 782-83 (E.D. Va. 2003). Where, as here, the defendants attack the sufficiency of the complaint, the court is required to accept all of the complaint's factual allegations as true. Id. at 783.

Because the plaintiff is proceeding pro se, the court is required to treat him with heightened solicitude. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). No matter how inartfully plead, the pro se plaintiff's complaint should survive a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972). However, a pro se complaint may be dismissed where the complaint contains a detailed description of the underlying facts and those facts fail to state a claim or support subject matter jurisdiction. See Estelle v. Gamble, 429 U.S. 97, 106-09 (1976).

The defendants have moved to dismiss this case for lack of subject matter jurisdiction. As such, the burden is on the pro se plaintiff to establish that the court has jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); Wise v. United States, 8 F. Supp. 2d 535, 541 (E.D. Va. 1998).

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to request dismissal of the claims against him if the plaintiff has filed a claim upon which relief cannot be granted. FED. R. CIV. P. 12(b)(6). In assessing a motion to dismiss for failure to state a claim upon which relief can be granted, "a count should be dismissed only where it appears beyond a reasonable doubt that recovery would be impossible under any set of facts which could be proven." America Online, Inc. v. GreatDeals.Net, 49 F. Supp. 2d 851, 854 (E.D. Va. 1999). The court must

"assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." Eastern Shore Markets, Inc. v. J.D. Associates Ltd., 213 F.3d 175, 180 (4th Cir. 2000) (citations omitted).

While the court must take the facts in the light most favorable to the plaintiff, the court is not bound with respect to the complaint's legal conclusions. See Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991). Dismissal pursuant to Rule 12(b)(6) is appropriate when upon considering the facts set forth in the complaint as true and construing the facts in the light most favorable to the non-moving party, there is no basis on which relief can be granted. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Dismissal should not be granted unless the moving party can demonstrate that no set of allegations will support the complaint. Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989); District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp., 609 F.2d 1083 (4th Cir. 1979).

IV. Analysis

The defendants contend, chiefly, that the plaintiff lacks standing to assert this claim. As the Supreme Court has repeatedly held, "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III," the Constitutional provision that empowers federal courts. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). The Court has indicated that standing involves three components:

> First, the plaintiff must have suffered an "injury in fact"-an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of–the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Id. at 560-61 (internal quotations and citations omitted).

Here, the plaintiff alleges that he has suffered actual injury in that he "suffered pain and weeping" after the removal of the cross. However, the fact that he was emotionally upset about the removal of the cross from the Chapel fails to constitute an invasion of a legally protected interest. Such a purported "injury" is not "concrete and particularized" such that it might provide the basis for standing. While the plaintiff no doubt had an intense emotional reaction to what he believes to be an affront to Christianity, "standing is not measured by the intensity of the litigant's interest or the fervor of this advocacy." Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 486 (1982). Such fervency "is the anticipated consequence of proceedings commenced by one who has been injured in fact; it is not a permissible substitute for the showing of injury itself." Id.

Simply put, the plaintiff cannot demonstrate that he possesses the requisite interest that has been injured by the challenged conduct of the defendants. Although he seems to claim standing based on the fact that he lives in the City of Williamsburg, that he is an alumnus of the College's law school, that he is a taxpayer and a visitor to the Wren Chapel, none of these provide him with standing to challenge the actions of the defendants with respect to the placement of the cross in the Wren Chapel. The plaintiff has not and cannot demonstrate that he has a concrete stake in the outcome of this matter, and therefore he lacks standing to make these claims. The plaintiff's lack of standing requires that this court dismiss the case for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1).

Even assuming, arguendo, that the plaintiff had standing to bring his claim in this court, the claim would be dismissed under FED. R. CIV. P. 12(b)(6). The plaintiff has brought this

action under the auspices of 42 U.S.C. § 1983, which provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. The Board of Visitors is not a "person" for the purposes of section 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). See also Howlett ex rel. Howlett v. Rose, 496 U.S. 356, 365 (1990) ("[T]he State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court."). It is clear that the Board of Visitors is an arm of the state and therefore immune from suit by virtue of the Eleventh Amendment.[1] See, e.g., Jacobs v. College of William and Mary, 495 F.Supp. 183, 189 (E.D. Va. 1980). Therefore, the plaintiff's action against the Board of Visitors is barred by the Eleventh Amendment, and subject to dismissal under Rule 12(b)(6).

Although the plaintiff may proceed in an action under section 1983 against Nichol in his personal capacity, he must demonstrate that Nichol acted to deny a constitutional right. See Kentucky v. Graham, 473 U.S. 159, 166 ("[T]o establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right."). Here, the plaintiff claims that Nichol's actions have violated his right to free speech and to free exercise of religion, yet he points to no action on the part of Nichol that would

---

[1]The Eleventh Amendment provides: "The Judicial powers of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend XI. Although its terms do not explicitly prohibit a suit by an individual against his own state, the Supreme Court has consistently held that immunity extends in that circumstance. See, e.g., Hans v. Louisiana, 134 U.S. 1 (1890).

support such a claim. The Wren Chapel remains open for worship, the cross may be displayed on the altar at the request of the Chapel's users, and nothing forbids the plaintiff from bringing a cross or a Bible of his own into the Chapel for use in exercising his religion. Although the plaintiff cites Rosenberger v. University of Virginia, 515 U.S. 819 (1995), that case addressed whether funding of a Christian student newspaper constituted an establishment of religion. It is inapposite to the plaintiff's claim of a violation of the Free Exercise Clause of the First Amendment. Because the plaintiff cannot demonstrate that he was deprived of any federally-protected right by the actions of Nichol, this claim is subject to dismissal under Rule 12(b)(6).

V. Conclusion

The plaintiff has utterly failed to demonstrate that he possesses any standing to bring this instant lawsuit. Therefore, the court **GRANTS** the defendants' motion to dismiss and **DISMISSES** the complaint.

The court **ADVISES** the pro se plaintiff that he may appeal from this Order within thirty (30) days of the date of this Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510.

The Clerk is **REQUESTED** to send a copy of this Order to the pro se plaintiff and to counsel of record for the defendants.

It is so **ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

May 29, 2007
Norfolk, Virginia